

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 50399 | **DATE** | 9/6/2002 |
| **CASE TITLE** | Larry-Dean Kallembach et al vs. Amcore Bank et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we grant [10-1], [11-1], [15-1], [3-1], [9-1], [6-1], [12-1], [13-1], [7-1], [18-1], [19-1], [8-1] [20-1] the motions of defendants Warsaw, Hinshaw, Georgeson, Kenple, AMCORE Bank, N.A., AMCORE Bank, Argyle, Duxstad, Duxstad, Vale, Bestul & Gartzke, S.C., Doyle, Zeuske, Chandler, Van De Hey, Johnson, McGowan, Bawden, Millhouse, Carl, Pierce, Bechtolt and Perkins. This complaint is dismissed with prejudice. All other pending motions are moot. This is a final and appealable order. It is so ordered.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | SEP 10 2002 | | |
| ✓ | Docketing to mail notices. | | date docketed | | 50 |
| ✓ | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | | |
| | | | SEP 10 2002 | | |
| TSA | courtroom deputy's initials | U.S. DISTRICT COURT | date mailed notice | | |
| | | 02 SEP -6 PM 4:17 | Date/time received in central Clerk's Office | mailing deputy initials | |

# United States District Court
## Northern District of Illinois
### Eastern Division

Larry Dean Kallembach et al

v.

Amcore Bank et al

**JUDGMENT IN A CIVIL CASE**

Case Number: 1 C 50399

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that for the foregoing reasons, we grant [10-1], [11-1], [15-1], [3-1], [9-1], [6-1], [12-1], [13-1], [7-1], [18-1], [19-1], [8-1] [20-1] the motions of defendants Warsaw, Hinshaw, Georgeson, Kenple, AMCORE Bank, N.A., AMCORE Bank, Argyle, Duxstad, Duxstad, Vale, Bestul & Gartzke, S.C., Doyle, Zeuske, Chandler, Van De Hey, Johnson, McGowan, Bawden, Millhouse, Carl, Pierce, Bechtolt and Perkins. This complaint is dismissed with prejudice. All other pending motions are moot. This is a final and appealable order. It is so ordered.

Michael W. Dobbins, Clerk of Court

Date: 9/6/2002

Tresa S. Abraham, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LARRY-DEAN KALLEMBACH and DARREL-LEE KALLEMBACH, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMCORE BANK, N.A., JAMES WARSAW, AMCORE MORTGAGE, INC., BARBARA HINSHAW, RON GEORGESON, DAVID A. KENPLE, DUXSTAD, VALE, BESTUL & GARTZKE, S.C., ROBERT S. DUXSTAD, ANCHORBANK, fsb, DOUG TIMMERMAN, WHEELER, VAN SICKLE & ANDERSON, S.C., JEFFREY J. LANDSMAN, STATE OF WISCONSIN, ATTORNEY GENERAL JAMES E. DOYLE, WISCONSIN DEPARTMENT OF REVENUE, RICK G. CANDLER, CATE S. ZESKE, GRANT COUNTY, JO-ANN MILLHOUSE, ROBERT P. VAN DE-HEY, DIANE PERKINS, MARILYN PIERCE, CHRIS CARL, LAYETTE COUNTY, WILLIAM D. JOHNSON, CATHERINE M. McGOWAN, LINDA L. BAWDEN, SOUTH WAYNE MUNICIPAL WATER, and STEVE BECHTOLT, | ) Case No. 01 C 50399<br>)<br>) Wayne R. Andersen<br>) District Judge<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| | | |
| Defendants. | | |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on the motions of defendants James Warsaw, Barbara Hinshaw, Ron Georgeson, David Kenple, AMCORE Bank, N.A., AMCORE Bank, Argyle, Robert Duxstad, Duxstad, Vale, Bestul & Gartzke, S.C., James Doyle, Cate Zeske, Richard

Chandler, Robert Van De Hey, William Johnston, Catherine McGowan, Linda Bawden, Jo-Ann Millhouse, Chris Carl, Marilyn Pierce, Steve Bechtolt, and Diane Perkins to dismiss the complaint and amended complaint of plaintiffs Larry-Dean Kallembach and Darrel-Lee Kallembach. For the following reasons, the motions to dismiss are granted.

## BACKGROUND

Pro-se plaintiffs have filed several documents which purport to be complaints. One of them is entitled "Non-negotiable Non-transferable." Two others are entitled "Writ of Habeas Corpus" and "Petition of the Action." Finally, plaintiffs have filed a document entitled "Amendment" on November 6, 2001. We will construe these documents to be the "complaint" in this action.

This is the fourteenth lawsuit that plaintiffs have filed against these defendants who mostly are Grant County, Wisconsin employees and Village of South Wayne, Wisconsin employees. These thirteen prior lawsuits have been filed in various states including Wisconsin, Illinois and Iowa. All previous suits have been dismissed as frivolous.

Although it is difficult to discern the nature of plaintiffs' claims in this case, it appears that this lawsuit arises as a result of Amcore Bank and Anchor Bank filing a foreclosure action in the Circuit Court of Grant County against plaintiffs regarding properties located in Grant and Lafayette Counties in Wisconsin. None of the events alleged in the complaint occurred in the State of Illinois.

# DISCUSSION

## I. Failure To State A Claim

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests whether the plaintiff has stated a claim, not whether the plaintiff will prevail on the merits. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In deciding a motion to dismiss, the court must assume all facts in the complaint to be true, construe the allegations liberally, and view the allegations in a light most favorable to the plaintiff. *Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir. 1997). The court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts consistent with the allegations. *Hishon v. King & Spalding*, 467 U..S. 69, 73 (1984).

The Federal Rules of Civil Procedure contain no special pleading requirements for most claims, and a plaintiff is required to plead no more than is necessary to place defendants on notice of the claim. *See, e.g., Weiss v. Cooley*, 230 F.3d 1027, 1033 (7th Cir. 2000). However, when the complaint fails to put defendants on notice of the claim, and fails to indicate that some set of facts could be presented that give rise to the right of relief, it is an inadequate complaint, subject to a Rule 12(b)(6) dismissal. *See Conley v. Gibson*, 355 U.S. 41 (1957).

In this case, the documents filed by the plaintiffs do not even appear to be a complaint. It is not clear what these documents are or what they were intended to be. However, as mentioned earlier, we will construe plaintiffs' filed documents entitled "Non-negotiable Non-transferable," "Writ of Habeas Corpus," "Petition of the Action," and "Amendment" to be the "complaint" in this action. None of these documents identify what actions, by which individuals or entities, support a claim against them and in favor of plaintiffs. From the face of these documents, it is

3

impossible to determine exactly who is alleged to have committed what wrong, the actions constituting the wrong, or who is the victim of the alleged wrong. Plaintiffs' documents do not identify a theory supporting any claim, nor do they identify the relief to be granted against the individuals or entities and in favor of plaintiffs. Plaintiffs' documents are so vague and ambiguous that the defendants do not have a reasonable basis upon which to frame a responsive pleading.

In addition, the plaintiffs' "complaint" violates Federal Rule of Civil Procedure 8(a)(2) which requires a "short and plain statement of the claim showing the pleader is entitled to relief." The complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged, and if so, what it is." *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir.), *cert. denied*, 114 S. Ct. 193 (1993). A complaint must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of what the plaintiff asserts. *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990). When a litigant violates Rule 8's requirements, the court is empowered to dismiss the complaint. *U.S. v. Private Sanitation Industry Association*, 793 F. Supp. 1114 (E.D. NY. 1992).

In this case, the plaintiffs' complaint is comprised of unintelligible legal and factual assertions, in violation of Rule 8. Even a cursory review of the plaintiffs' complaint demonstrates that Rule 8 has been violated. The plaintiffs' rambling and incomprehensible complaint is anything but short, plain, simple, concise, or direct. The complaint is almost completely devoid of factual allegations. It is a colossal undertaking to even attempt to read this rambling and non-sensical complaint.

4

For these reasons, we find that plaintiffs' "complaint" does not state a claim upon which relief can be granted, and it does not satisfy the pleading requirements of Fed.R.Civ.P. 8. Therefore, defendants' Rule 12(b)(6) motions to dismiss are granted.

## II. Subject Matter Jurisdiction

A federal court must assure itself that it possesses subject matter jurisdiction before it can proceed to the merits of an action. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception. *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83 (1998). In a diversity case, it is not enough for the plaintiff to allege that a claim is within diversity jurisdiction. Instead, the complaint must allege the citizenship of the parties and the amount in controversy. *Hemmings v. Barian*, 822 F.2d 688, 693 (7th Cir. 1987).

Although it is unclear, the complaint in this case appears to allege that this court has subject matter jurisdiction based on diversity under 28 U.S.C. § 1332. Complete diversity is required under 28 U.S.C. § 1332. If any plaintiff and defendant are citizens of the same state, there is no subject matter jurisdiction based on diversity.

From the complaint and the documents attached, it appears that plaintiffs are Wisconsin citizens. The complaint also alleges that at least five parties adverse to the plaintiffs–Amcore Bank, Argyle, Amcore Bank, N.A., Anchorbank, FSB, Wheeler, Van Sickle & Anderson, S.C., and Duxstad, Vale Bestul & Gartzke, S.C.– all have their principal place of business in Wisconsin. Moreover, the affidavits filed by defendants Ron Georgeson and David Knepel show that they, too, are Wisconsin citizens. By pleading that plaintiffs are citizens of Wisconsin and

5

that at least five defendants are also citizens of Wisconsin, the plaintiffs have failed to satisfy the diversity requirement necessary for subject matter jurisdiction.

Moreover, although the complaint contains rambling and incoherent allegations, it is clear that no proper claim has been brought alleging a federal question pursuant to 28 U.S.C. § 1331. Therefore, there is no basis for this court's subject matter jurisdiction over this action because neither the diversity nor federal question elements of subject matter jurisdiction have been satisfied in this case.

## CONCLUSION

For the foregoing reasons, we grant the motions of defendants James Warsaw (# 10), Barbara Hinshaw(# 10), Ron Georgeson (# 10), David Kenple (#10), AMCORE Bank, N.A. (# 10), AMCORE Bank, Argyle (#10), Robert Duxstad (#10), Duxstad, Vale, Bestul & Gartzke, S.C. (#10), James Doyle (# 11), Cate Zeuske (#11), Richard Chandler (#11), Robert Van De Hey (#11), William Johnston (#11), Catherine McGowan (# 15), Linda Bawden (# 15), Jo-Ann Millhouse (## 3, 9), Chris Carl (## 8, 20), Marilyn Pierce (## 6, 12), Steve Bechtolt (# 13), and Diane Perkins (## 7, 18, 19) to dismiss the complaint and amended complaint of plaintiffs Larry-Dean Kallembach and Darrel-Lee Kallembach. The complaint is dismissed with prejudice. All other pending motions are moot. This is a final and appealable order. Plaintiffs are barred from filing further complaints in this case without obtaining prior permission from the court.

It is so ordered.

_Wayne R. Andersen_
Wayne R. Andersen
United States District Judge

Dated: _September 6, 2002_

6